IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marcia C. Geter, | C/A No.: 3:14-4703-MGL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Magnolia Manor of Columbia; and Fundamental Long Term Care Holdings, LLC, | |
| Defendants. | |

In this employment discrimination case, Marcia C. Geter ("Plaintiff") sues Magnolia Manor of Columbia ("MMC") and Fundamental Long Term Care Holdings, LLC ("Defendants")[1] for sex and race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA"). This matter comes before the court on Defendants' motion to dismiss and to compel arbitration. [ECF No. 18]. This motion having been fully briefed [ECF No. 22, 30, 34, 38, and 40], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for the district

---

[1] Defendants submit that defendant Fundamental Long Term Care Holdings, LLC was not Plaintiff's employer and is incorrectly named in this action. [ECF No. 18 at n.2]. In addition, Defendants state that "Magnolia Manor – Columbia Inc." is incorrectly named as "Magnolia Manor of Columbia." *Id*. at n.1.

judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendants' motion and dismiss this action for the parties to pursue binding arbitration.

I.      Factual Background

Plaintiff, who is a black, 54-year old female, is a former employee of MMC. [ECF No. 1 at 4]. On March 5, 2013, Plaintiff executed the Company's January 2013 Employee Handbook Acknowledgment, confirming her receipt of the most recent version of the Employee Handbook and her agreement to submit all disputes regarding her employment to binding arbitration under the Arbitration of Employment Claims Policy ("the Agreement") included within the Handbook. [ECF No. 18-2 at 5]. The Agreement provides:

> Any and all disputes between an Employee and the Company except as noted below, are subject to final and binding arbitration which shall be the sole and exclusive remedy for such disputes. The Employee is expected to notify the Company of the dispute and the demand for arbitration in writing prior to filing with an arbitration organization. The arbitration shall be conducted by an arbitrator selected in accordance with the American Arbitration Association's National Rules for the Resolution of Employment Disputes and shall be conducted pursuant to those rules.
>
> The location of the arbitration shall be the state in which the Employee is or was employed by the Company.
>
> Disputes subject to arbitration shall include any and all employment-related claims or causes of action, including but not limited to (1) employment discrimination of any type; (2) wage and hour claims, (3) sexual or other illegal harassment; (4) wrongful termination; (5) breach of contract; (6) defamation; (7) tortious interference with contract; (8) whistle blowing; and/or (9) any other tortious or wrongful conduct. Disputes subject to arbitration shall also include, but not be limited to, any and all claims under the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act (ADA"), the Employee Retirement and Income Security Act ("ERISA"), the Family Medical Leave Act ("FMLA"), the Discrimination in Employment Act ("ADEA"), and Fair Labor Standards Act (FLSA), and/or any federal state, or local anti-discrimination or employment statute.

> This arbitration policy does not prevent the Employee from filing a charge or complaint with a state or federal administrative agency such as the EEOC or Department of Labor. In fact, the Employee is required to first exhaust all administrative remedies available through state and/or federal agencies prior to participation in arbitration under Company policy. Should the Employee file a demand with an arbitration organization while an administrative complaint is pending, the Employee will be liable for any costs incurred by the Employer as a result of the Employee's premature arbitration filing. . . .
>
> By signing the Employee Handbook Acknowledgment, the Employee agrees and consents to this arbitration policy; however, the Employee may opt out of the arbitration policy by providing written notice to the Administrator/CEO or Human Resources Representative within 30 days from date of hire or receipt of the August 2012 Employee handbook, whichever is later. The provisions of this arbitration policy are severable. If any provision is found to be unenforceable, in whole or in part, it shall be construed, limited or stricken so as to make it enforceable consistent with the intentions of the parties.

*Id*.

On March 7, 2013, Plaintiff was suspended from work. [ECF No. 22-2].[2] On March 11, 2013, Plaintiff sent a "Confidential Memo" to MMC Administrator Spencer Parker, requesting the suspension be removed from her records. *Id*. According to Plaintiff, "the alleged incident [causing her suspension] was determined to be unfounded." [ECF No. 22 at 2].

On April 2, 2013, Plaintiff was suspended again for nine days before she was terminated on April 12, 2013. *Id*. On April 3, 2013, she sent a document entitled "URGENT APPEAL" to Karen Miller, Vice President of Human Resources, requesting that Miller stop Director of Nursing ("DON") Bonnie Asonge's "harassing conduct." [ECF No. 22-2 at 7]. On April 12, 2013, Plaintiff was discharged for failure to follow nursing protocol and insubordination by walking away from the DON during questioning. [ECF No. 22-2 at 8].

---

[2] The record before the court is unclear about why Plaintiff was suspended or for how long.

Also on April 12, 2015, Plaintiff sent a document entitled "Wrongful Termination Appeal" to Miller, alleging Asonge's allegations were false and "were cloaked to conceal a continued discrimination against me because of my age." *Id*. at 10.

Plaintiff filed a charge with the EEOC on May 1, 2014 [ECF No. 10-2 at 9], and was issued a right to sue letter on September 12, 2014 [ECF No. 22-2 at 3]. On December 12, 2014, Plaintiff filed the instant action in this court. [ECF No. 1].

II.     Discussion

    A.     Standard of Review

A litigant can compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. ("FAA"), if the litigant can demonstrate: "'(1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute.'" *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (quoting *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002)). The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The policy behind the FAA "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Thus, courts are to afford a "healthy regard" for the federal policy favoring arbitration, *id*. at 26, and arbitration

4

agreements are to be "rigorously enforced," *Perry v. Thomas*, 482 U.S. 483, 490 (1987). Doubts regarding the scope of issues covered by an arbitration agreement must be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). The United States Supreme Court has specifically held that the FAA and the policies behind it apply in the employment context. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).

When a question of arbitrability arises, the district court, not the arbitrator, decides whether a matter should be resolved through arbitration. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287 (2010). This determination, however, is limited to a two-step inquiry: (1) whether a valid arbitration agreement exists; and (2) whether the specific dispute falls within the substantive scope of the arbitration agreement. *See Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999). Arbitration is compelled "unless it may be said with positive assurance that the arbitration [agreement] is not susceptible of an interpretation that covers the asserted dispute." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960)). If all of the claims asserted in a complaint are subject to arbitration, dismissal of the complaint is appropriate. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001).

B.     Analysis

Defendants argue that the Agreement is clear and unequivocal and Plaintiff's claims are subject to binding arbitration. [ECF No. 18 at 3]. Plaintiff argues that "Defendants waived their rights when they were non-compliant for failure to provide the Plaintiff an opportunity to

5

dispute her claims as she demanded" and "the Company did not allow the Plaintiff her right to access the Company's Arbitration program." [ECF No. 22 at 4–5].

The undersigned is not persuaded that Defendants denied Plaintiff the right to arbitrate or waived their rights to arbitrate. Plaintiff has provided no documentation by which she notified Defendants of her demand to arbitrate. Although she requested internal remedies for alleged discrimination, Plaintiff has failed to demonstrate that she requested arbitration. Additionally, even if Plaintiff had demanded arbitration in April 2013, such demand would have been premature because she had not exhausted her administrative remedies. The Agreement provides:

> This arbitration policy does not prevent the Employee from filing a charge or complaint with a state or federal administrative agency such as the EEOC or Department of Labor. In fact, the Employee is required to first exhaust all administrative remedies available through state and/or federal agencies prior to participation in arbitration under Company policy.

[ECF No. 18-2 at 5]. As noted previously, arbitration is compelled "unless it may be said with positive assurance that the arbitration [agreement] is not susceptible of an interpretation that covers the asserted dispute." *Peoples Sec. Life Ins. Co.*, 867 F.2d at 812 (citations omitted). Thus, the undersigned recommends Defendants' motion to dismiss and compel arbitration be granted.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge grant Plaintiff's motion to dismiss and to compel arbitration. [ECF No. 18]. The undersigned recommends the court retain jurisdiction over the parties for all matters relating to this action after arbitration, including enforcement of any arbitration judgment rendered. If the district

judge accepts this recommendation, Plaintiff's motions for joinder [ECF Nos. 24, 29] will be rendered moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 25, 2015                                         Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).